UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PHILLIP DAUGHTRY,

                Plaintiff,

v.                            Case No. 3:12-cv-1315-J-12JRK

TINA T. MORGAN,
et al.,

                Defendants.

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Phillip Daughtry, an inmate of the Florida penal system who is proceeding in forma pauperis, initiated this action by filing a pro se Civil Rights Complaint (Complaint) (Doc. #1) under 42 U.S.C. § 1983 on November 28, 2012, pursuant to the mailbox rule. In the Complaint, Plaintiff names the following individuals as the Defendants in the action: (1) Tina T. Morgan, a lieutenant at Union Correctional Institution (UCI) and a disciplinary team member, and (2) Charles Jefferson, a UCI classification officer and the Chairman of the disciplinary team. In support of his Complaint, Plaintiff also filed exhibits (P. Ex.). He asserts that the Defendants violated his right to due process of law when they wrongfully disciplined him on November 1, 2010, for attempted battery on a correctional officer and failed to follow the proper procedures. As relief, Plaintiff requests compensatory and punitive damages. See Complaint at 6-7.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Thus, in the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants under 42 U.S.C. § 1983.

The Court is convinced, upon review of the Complaint and exhibits, that it is frivolous as it appears that the Plaintiff has little or no chance of success on a claim of federal constitutional deprivation. Plaintiff states that the Defendants falsified the November 1, 2010 disciplinary report and improperly charged him in the statement of facts. Specifically, he asserts that the disciplinary report mistakenly reads that Inmate Jones (instead of

Inmate <u>Daughtry</u>) is charged with disciplinary infraction 1-15, attempted battery on a correctional officer.  <u>See</u> P. Ex. A, Disciplinary Report.  Plaintiff claims that such a technical error violated his right to due process of law.  On December 7, 2010, Daughtry grieved the issue to the Warden and argued that he was never charged with a disciplinary infraction since the disciplinary report read that Inmate Jones was charged.  <u>See</u> P. Ex. B, Request for Administrative Remedy or Appeal, dated December 7, 2010. Concluding that the error as well as alleged deficiencies in setting forth the facts underlying the disciplinary charge violated the rules of the Florida Department of Corrections (FDOC), Daughtry concluded that the disciplinary report should be overturned and gain time restored.  <u>Id</u>.  On January 10, 2011, the FDOC responded:

> Your request for administrative remedy has been reviewed and evaluated.  The disciplinary report you received on 11/1/10 for violation of 1-15 DR Log #213-101928 has been overturned.  Our decision to overturn the disciplinary report was based on technical errors made in the processing of same.  All necessary adjustments will be made to your inmate file and record.
>
> Based on the above information, your grievance is approved.

<u>Id</u>., Response to Request for Administrative Remedy or Appeal, signed by A. Johnson and B.V. Reddish, dated January 10, 2011.

Thus, Plaintiff's exhibit reflects that the disciplinary report was overturned for "technical errors made in the processing" of the disciplinary report and that the institution would make all

the necessary adjustments to Daughtry's inmate file and record. Id. Plaintiff is no longer in disciplinary confinement as a result of the disciplinary report at issue and, according to Plaintiff's exhibit in support of the Complaint, the disciplinary report has been overturned, and Daughtry has received all the necessary adjustments to his inmate file and record. See P. Ex. B. Thus, through the administrative grievance procedure, the FDOC granted Plaintiff the relief he sought. Therefore, this case is due to be dismissed because the Court cannot give Plaintiff any effective relief.

Moreover, Plaintiff requests compensatory and punitive damages for the Defendants' technical errors made in processing the disciplinary report. Plaintiff's action for compensatory and punitive damages against the Defendants for mental or emotional injuries is barred by 42 U.S.C. § 1997e(e) as long as he remains incarcerated. Section 1997e(e) "applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002), cert. denied, 540 U.S. 112 (2004). Thus, pursuant to § 1997e(e), a prisoner bringing a § 1983 action must demonstrate a physical injury that is more than de minimus in order to recover compensatory or punitive damages for mental or emotional injury suffered while in custody. Al-Amin v. Smith, 637 F.3d 1192 (11th Cir. 2011); Hale v. Sec'y,

Dept. of Corr., 345 Fed.Appx. 489, 491 (11th Cir. 2009) (per curiam) (citation omitted) (not selected for publication in the Federal Reporter). An action barred by § 1997e(e) is barred only during Plaintiff's imprisonment. Here, Plaintiff does not allege any physical injury as a result of Defendants' actions. He simply states that the Defendants falsely and improperly charged him. Therefore, the action will be dismissed without prejudice to his right to bring his claim after he is released, if he elects to do so.

Therefore, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE as frivolous.**

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice.

3. The Clerk of Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 5TH day of December, 2012.

                                              Howell W. Melton
                                              UNITED STATES DISTRICT JUDGE

sc 12/4
c:
Phillip Daughtry